IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT WAYNE MITCHELL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:19-cv-1317-L-BN |
| | § | |
| LORIE DAVIS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**AMENDED FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Robert Wayne Mitchell, a former Texas prisoner, now on parole and proceeding *pro se*, filed an unauthorized successive application for writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. No. 2. This resulting action was initially referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade. And, on June 6, 2019, the undersigned entered findings of fact, conclusions of law, and recommendation that, given Mitchell's past challenges to this conviction, the Court should dismiss this action without prejudice to his right to seek authorization from the United States Court of Appeals for the Fifth Circuit to file a successive habeas application [Dkt. No. 5] (the "Initial FCR").

Overruling Mitchell's objections, *see* Dkt. No. 6, Judge Kinkeade accepted the Initial FCR, entered judgment, and denied a certificate of appealability on July 9, 2019, *see* Dkt. Nos. 7, 8, & 9. Weeks later, Mitchell moved to recuse Judge Kinkeade, *see* Dkt.

No. 10, and the Court granted Mitchell's motion, *see* Dkt. No. 11.

This action has now been reassigned to United States District Judge Sam A. Lindsay and re-referred to the undersigned for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Judge Lindsay.

The undersigned now enters amended findings of fact, conclusions of law, and recommendation that, given Mitchell's past challenges to this conviction, the Court should dismiss this action without prejudice to his right to seek authorization from the United States Court of Appeals for the Fifth Circuit to file a successive habeas application.

**Applicable Background**

"On October 4, 1991, Petitioner was convicted of theft of property and was sentenced as a career offender to thirty years in prison." *Mitchell v. Thaler*, No. 3:12-cv-730-P, 2012 WL 7057783, at *1 (N.D. Tex. Nov. 14, 2012), *rec. accepted*, 2013 WL 497885 (N.D. Tex. Feb. 7, 2013); *see* Dkt. No. 2 at 2 (referencing an October 4, 1991 conviction resulting in a 30-year sentence).

Mitchell has filed at least two prior Section 2254 actions in this Court touching on this conviction and sentence. *See Mitchell v. Quarterman*, No. 3:08-cv-1152-G, 2009 WL 790119 (N.D. Tex. Mar. 25, 2009) (denying writ raising constitutional challenge to parole revocation); *Mitchell*, 2012 WL 7057783 (finding subsequent petition raising a time-credit dispute – a claim that Mitchell "was aware of" when he "filed his first § 2254 petition" – to be successive and transferring that petition to the Fifth Circuit); *see also In re Mitchell*, No. 13-10143 (5th Cir. Aug. 15, 2013) (per curiam) (denying motion

for authorization to file a successive application in which Mitchell claimed that he "is actually innocent of the offense of conviction, that he did not see the security videotape of the theft until the day of trial, and that the trial judge took custody of the tape immediately after trial") [Dkt. No. 2 at 19-20].

Through the current petition, Mitchell – without providing plausible factual content – raises a claim that his appellate counsel's representation violated his Sixth Amendment right to effective assistance of counsel. *See* Dkt. No. 2 at 6.

And he attaches to this petition the order of a Dallas County court transferring his seventh state writ application (raising virtually the same claim) to the Texas Court of Criminal Appeals. *See id.* at 11-12 ("In his application [Mitchell] alleges that appellate counsel was ineffective. He does not allege specific facts establishing that the current claims and issues have not been, and could not have been presented previously in an original application. Thus, [his] subsequent writ application is procedurally barred."); *see also Ex parte Mitchell*, WR-22,899-12 (Tex. Crim. App. May 8, 2019) (dismissing the application under Texas Code of Criminal Procedure article 11.07 § 4) [Dkt. No. 2 at 21].

Although it appears that Mitchell has been released from the Texas Department of Criminal Justice, his petition references parole. Release on parole or its equivalent qualifies him as "in custody" for purposes of 28 U.S.C. §§ 2241(c)(3) and 2254(a). *See Jones v. Cunningham*, 371 U.S. 236, 243 (1963) ("While petitioner's parole releases him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom; this is enough to keep him in [ ] 'custody' ... within

the meaning of the habeas corpus statute.").

## Legal Standards and Analysis

28 U.S.C. § 2244

> lays out the requirements for filing successive petitions, serving as gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second.
> ...
> Later habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error – when the error arises after the underlying conviction – tend to be deemed non-successive. In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.

*Leal Garcia v. Quarterman*, 573 F.3d 214, 220, 222 (5th Cir. 2009) (footnotes omitted).

Mitchell's claim that his appellate counsel was constitutionally ineffective is a an attack on his underlying conviction – and, more to the point, alleges a defect in that conviction that "existed ... at the time of the prior petition ... even if the legal basis for the [current] attack was not" known to him when he filed the initial habeas petition. *Id.* at 222. He is therefore currently attempting to present a claim that is successive. *See id.* at 221 ("Leal's view of [*In re Cain*, 137 F.3d 234 (5th Cir. 1998),] would permit petitioners filing later habeas petitions to assert that, because the evidence was not previously discovered or discoverable, the claim was unavailable; therefore, the later petition is non-successive. Again, AEDPA forbids such a reading: Section

-4-

2244(b)(2)(B)(i) states that claims based on a *factual* predicate not previously discoverable are successive."); *see also Blackman v. Stephens*, No. 3:13-cv-2073-P-BN, 2015 WL 694953, at \*6 (N.D. Tex. Feb. 18, 2015) ("Petitioner's claims raised in her third federal habeas application attack purported defects that existed or claims that were ripe at the time of the prior applications even though Petitioner claims that the evidence to support and identify those claims was not previously discovered or discoverable." (citing *Leal Garcia*, 573 F.3d at 221-22)).

Mitchell's failure to obtain authorization from the Fifth Circuit under 28 U.S.C. § 2244(b)(3) deprives the Court of jurisdiction to consider the current habeas application. *See, e.g., Leal Garcia*, 573 F.3d at 219 ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)).

And, given his history of filing petitions aimed at this conviction, "a dismissal without prejudice appears more efficient and better serves the interests of justice than a transfer in this instance." *United States v. King*, Nos. 3:97-cr-0083-D-01 & 3:03-cv-1524-D, 2003 WL 21663712, at \*1 (N.D. Tex. July 11, 2003), *rec. adopted*, 3:03-cv-1524-D, Dkt. No. 7 (N.D. Tex. July 28, 2003).

**Recommendation**

The Court should dismiss Petitioner Robert Wayne Mitchell's *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254 without prejudice to his right to file,

under 28 U.S.C. § 2244(b)(3), a motion for authorization to file a successive Section 2254 application in the United States Court of Appeals for the Fifth Circuit.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 20, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE